UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| DAVID C. MCCARTY, *et al.*, ) | |
| ) | Case No. 3:15-cv-247 |
| Plaintiffs, ) | |
| ) | Judge Thomas M. Rose |
| v. ) | |
| ) | |
| NATIONAL UNION FIRE INSURANCE ) | |
| COMPANY OF PITTSBURGH, PA, *et al.*, ) | |
| ) | |
| Defendant. ) | |

**ENTRY AND ORDER GRANTING MOTION TO REALIGN THE PARTIES (DOC. 5), DENYING MOTION TO REMAND CASE TO CLARK COUNTY COMMON PLEAS COURT (DOC. 8), AND GRANTING MOTION TO DISMISS OF AMERICAN INTERNATIONAL GROUP, INC. (DOC. 6)**

Plaintiffs David and Cynthia McCarty brought this action in the Common Pleas Court for Clark County, Ohio on June 11, 2015. On July 9, 2015, Defendants National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and American International Group, Inc. ("AIG") timely removed the action to this Court under 28 U.S.C. § 1441(b) (Removal Based on Diversity of Citizenship). The case is now before the Court on the following motions:

- Defendant National Union's Motion to Realign the Parties (Doc. 5), which requests the realignment of Defendant Miguel A. Pedraza as a party plaintiff;

- Plaintiffs' Motion to Remand Case to Clark County Common Pleas Court (Doc. 8); and

- Defendant AIG's Motion to Dismiss (Doc. 6), which requests dismissal of AIG as a party.

Of these three motions, only the Motion to Remand (Doc. 8) has been fully briefed. National Union filed a response (Doc. 9) to that motion on August 19, 2015; and Plaintiffs filed a reply (Doc. 10) to National Union's response on August 27, 2015. The Court construes Plaintiffs'

Motion to Remand (Doc. 8) as both a motion and as Plaintiffs' opposition to National Union's Motion to Realign Parties (Doc. 5) because both the Motion to Realign Parties and Motion to Remand deal with the same issue – whether or not diversity jurisdiction exists in this case. Plaintiffs have not opposed AIG's Motion to Dismiss (Doc. 6) and the time for them to do so has expired.

For the reasons discussed below, the Court **GRANTS** National Union's Motion to Realign Parties (Doc. 5), **DENIES** the Plaintiffs' Motion to Remand (Doc. 8), and **GRANTS** AIG's Motion to Dismiss (Doc. 6).

**I.     NATIONAL UNION'S MOTION TO REALIGN PARTIES (DOC. 5)**

National Union moves to realign Defendant Miguel Pedraza as a party plaintiff on the grounds that no actual and substantial controversy exists between Plaintiffs and Pedraza in this lawsuit. As a result, argues National Union, Pedraza is a "fraudulently named, sham, nominal defendant," *i.e*., Plaintiffs added Pedraza as a defendant solely for purposes of defeating diversity jurisdiction under 28 U.S.C. § 1332.   (Doc. 1, ¶ 13.)

If Pedraza remains a Defendant, the Court would not have jurisdiction over this action.  "It is axiomatic that there must be complete diversity between the parties of an action to support diversity jurisdiction." *U.S. Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992) (citing *Smith v. Sperling*, 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957)).  As both Plaintiffs and Pedraza are Ohio residents, complete diversity currently does not exist in this case.  (Doc. 4, ¶¶ 1, 6.)  None of the other Defendants are Ohio citizens.  (Doc. 1, ¶¶ 6-8.) Thus, if Pedraza is realigned as a Plaintiff, diversity jurisdiction would exist under 18 U.S.C. § 1332(a), as the matter in controversy exceeds the sum of $75,000.  (Doc. 4, ¶¶ 29-30.)

2

To be properly aligned, an "actual and substantial" controversy must exist between the plaintiffs and defendants.  *U.S. Fidelity*, 955 F.2d at 1089 (quoting *Indianapolis Gas v. Chase National Bank*, 314 U.S. 63, 69, 62 S.Ct. 15, 17, 86 L.Ed. 47 (1941)).  It is well established that:

> [t]he courts, not the parties, are responsible for aligning the parties according to their interests in the litigation.  If the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff for jurisdictional purposes.

*U.S. Fidelity*, 955 F.2d at 1089 (quoting *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1523 (9th Cir.1987)).  The appropriate alignment of the parties in a case where jurisdiction is based on diversity "is not to be determined by mechanical rules.  It must be ascertained from the 'principal purpose of the suit,' . . . and the 'primary and controlling matter in dispute.'"  *Indianapolis Gas*, 314 U.S. at 69, 62 S. Ct. at 17 (citations omitted).

Plaintiffs allege in their Complaint that, on December 11, 2007, Gary R. Gorby & Associates, LLC ("Gorby") brought a lawsuit against them in the Common Pleas Court for Clark County, Ohio.  (Doc. 4, ¶ 11.)  Plaintiffs subsequently entered into an attorney-client relationship with Pedraza to represent them in the lawsuit.  (*Id.*, ¶ 12.)  Pedraza allegedly failed to file an Answer on their behalf, and, as a result, the court entered a default judgment against Plaintiffs for an amount totaling over $150,000.  (*Id.*, ¶¶ 16-17.)

On January 4, 2011, Plaintiffs filed a legal malpractice action against Pedraza based on his representation in the Gorby lawsuit.  (*Id.*, ¶ 18.)  On January 27, 2015, Plaintiffs obtained a final judgment against Pedraza in that action in the amount of $275,825.29.  (*Id.*, ¶ 29.)

In the case before this Court, Plaintiffs allege that Defendants National Union, AIG (as National Union's parent company), and Administrators for the Professions of Delaware, Inc. ("Administrators") are Pedraza's legal malpractice insurers and therefore obligated to pay the

3

judgment that Plaintiffs obtained against Pedraza. (*Id.*, ¶ 30.) All of the claims asserted in the Complaint are against National Union, AIG, and Administrators. (*Id.*, ¶¶ 33-53.) None of the claims seek any damages or other relief from Pedraza. (*Id.*)

Plaintiffs have not shown that an actual and substantial controversy currently exists between them and Pedraza to justify his alignment as a Defendant in this case. No doubt there was once such a controversy between Plaintiffs and Pedraza, but that controversy was resolved when Plaintiffs obtained their judgment against him in their legal malpractice action. The principal purpose of this lawsuit is to recover the amount of that judgment from Pedraza's legal malpractice insurers, and the primary and controlling matter in dispute is whether or not the insurers are obligated to pay that judgment. As a result, Pedraza's interests are aligned with Plaintiffs' interests in this lawsuit. To the extent that Plaintiffs prevail on their claims, then Pedraza's personal liability for the judgment against him in the legal malpractice action is reduced.

Plaintiffs argue that Pedraza is an indispensable party under Fed. R. Civ. P. 19 and that, under Ohio Rev. Code § 3929.06(C), Plaintiffs' action against National Union and Administrators is subject to the same defenses that they might assert against Pedraza. The first argument, that Pedraza is an indispensable party, has no impact on the Court's determination of whether Pedraza is properly aligned as a Defendant. The second argument, that Plaintiffs' claims are subject to the same defenses that the insurers might assert against Pedraza, only underscores that Plaintiffs' interests are aligned with Pedraza's interests. Plaintiffs' arguments against realignment have no merit.

The Court finds that Pedraza is not properly aligned as a Defendant in this action. Accordingly, the Court **GRANTS** the Motion to Realign the Parties (Doc. 5) and **ORDERS** that

Pedraza shall be aligned as a Plaintiff in this case.

## II. PLAINTIFFS' MOTION TO REMAND (DOC. 8)

Plaintiffs' argument in support of their Motion to Remand is that this Court lacks diversity jurisdiction because Plaintiffs and Pedraza are Ohio residents.  (Doc. 8-1 at 5 (citing 28 U.S.C. §§ 1332, 1441).)  As the Court has granted the Motion to Realign the Parties (Doc. 5) and ordered that Pedraza shall be aligned as a Plaintiff in this case, the grounds for Plaintiffs' Motion to Remand no longer exist.  The Court therefore **DENIES** the Motion to Remand (Doc. 5).

## III. AIG'S MOTION TO DISMISS (DOC. 6)

AIG moves to dismiss itself as a party to this action for failure to state a clam upon which relief can be granted.  (Doc. 6 at 1.)  AIG argues that "[a]s Plaintiffs do not, and cannot, allege that [AIG] issued any insurance policy to Pedraza, it is not a proper party to this action."  (*Id*. at 3 (citing *U-Haul Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 2011 WL 9111, *3 (D. Ariz. Jan. 3, 2011); *Ascension Health v. American International Group, Inc.*, 2009 WL 2195916, *2 (S.D.N.Y. July 23, 2009); *National Recovery Agency, Inc. v. AIG Technical Services, Inc.*, 2005 WL 2100702, *16-17 (M.D. Pa. Aug. 26, 2005).)  AIG further argues that the Complaint's conclusory allegations that AIG is National Union's corporate parent and "alter ego" are insufficient to state a claim against AIG.  (*Id.* (citing, among others, *Dombroski v. WellPoint, Inc.*, 119 Ohio St.3d 506, 510, 895 N.E.2d 538, 545 (2008) (dismissing complaint against parent company of insurer because plaintiff had failed to allege that the parent "exercised control over the corporation in such a manner as to commit fraud, an illegal act, or a similarly unlawful act").

The Court finds that AIG's arguments have merit.  As Plaintiffs did not file any opposition to the Motion to Dismiss (Doc. 6), it is **GRANTED**.

5

## IV. CONCLUSION

For the reasons discussed above, the Court rules as follows:

- Defendant National Union's Motion to Realign the Parties (Doc. 5) is **GRANTED**;

- Plaintiffs' Motion to Remand Case to Clark County Common Pleas Court (Doc. 8) is **DENIED**; and

- Defendant AIG's Motion to Dismiss (Doc. 6) is **GRANTED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, November 20, 2015.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE