UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DAVID C. MCCARTY, et al., | : | Case No. 3:15-cv-247 |
| Plaintiffs, | : | Judge Thomas M. Rose |
| v. | : | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, et al., | : | |
| | : | |
| Defendants. | | |

**ENTRY AND ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. 20) OF DEFENDANT ADMINISTRATORS FOR THE PROFESSIONS OF DELAWARE, INC. AND TERMINATING THIS CASE**

This case is before the Court on the Motion for Judgment on the Pleadings (Doc. 20) of Defendant Administrators for the Professions of Delaware, Inc. ("Administrators") pursuant to Fed. R. Civ. P. 12(c). For the reasons discussed below, the Court **GRANTS** the Motion for Judgment on the Pleadings. As the Court's ruling dismisses all of the Plaintiffs' remaining claims, the Court also directs the Clerk to **TERMINATE** this action on the Court's docket.

**I.    BACKGROUND**

Plaintiffs David McCarty and Cynthia McCarty (the "McCartys") retained Plaintiff Miguel Pedraza, Esq.,[1] ("Pedraza") as their attorney in a lawsuit brought by Gary R. Gorby & Associates, LLC ("Gorby") in the Common Pleas Court for Clark County, Ohio. (Doc. 4, ¶ 10-11.) In the lawsuit, filed on December 11, 2007, Gorby alleged that the McCartys breached a contract for the purchase of an insurance agency. *Gary R. Gorby & Assoc., L.L.C. v. McCarty*, 2011-Ohio-1983, ¶ 2 (Ct. App. 2nd District). Pedraza represented to the McCartys that he had

---

[1] Pedraza was realigned as a Plaintiff in this action pursuant to the Court's November 23, 2015 Entry and Order. (Doc. 11.)

prepared an Answer and Counterclaim in response to Gorby's Complaint, but Pedraza had not done so. (Doc. 4, ¶ 16.) As a result, on February 22, 2010, the Common Pleas Court entered default judgment against the McCartys and in favor of Gorby in the amount of $69,896.00 in actual damages, $65,000.00 in punitive damages, and $21,363.79 in attorney fees, plus interest and costs. (*Id.* at ¶ 17.)

On January 4, 2011, the McCartys filed a legal malpractice action against Pedraza in Clark County Common Pleas Court for breach of his professional responsibilities in the Gorby lawsuit. (*Id.* at ¶ 18.) On January 27, 2015, the McCartys obtained a final judgment against Pedraza in the legal malpractice action in the amount of $275,825.29. (*Id.* at ¶ 29.)

On June 11, 2015, the McCartys filed the Complaint in this case in Clark County Common Pleas Court. (Doc. 1-1.) The McCartys named as Defendants Administrators, National Union Fire Insurance Company of Pittsburgh, PA ("National Union), American International Group ("AIG"), and Pedraza. (*Id.*) On July 9, 2015, Defendants National Union and Administrators removed the case to this Court pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). (Doc. 1.) On July 16, 2015, National Union and Administrators filed a motion to realign Pedraza, who had been named a Defendant, as a Plaintiff. (Doc. 5.) On the same day, AIG filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Doc. 6.) On July 31, 2015, the McCartys filed a motion to remand the case to Clark County Common Pleas Court. (Doc. 8.) On November 23, 2015, the Court granted the motion to realign Pedraza as a Plaintiff, granted AIG's motion to dismiss, and denied the McCartys' motion to remand. (Doc. 11.) Administrators and National Union were the only remaining defendants at that point.

The Complaint alleges that on February 1, 2010, Pedraza continued his legal malpractice insurance with National Union through Administrators, which provided "marketing,

underwriting, billing, collections and/or data processing services to or for the benefit of National Union." (Doc. 4, ¶ 4, 6, 8.) Pedraza's insurance policy had a retroactive effective date of February 21, 1992 and expiration date of February 21, 2011. (*Id.* at ¶ 8.).

The McCartys allege that National Union and Administrators had "both actual and constructive notice" (*id.* at ¶ 21) of their claims against Pedraza based on the following facts:

- Plaintiffs filed the legal malpractice action against Pedraza on January 4, 2011 (*id*. at ¶ 18);

- The docket for the legal malpractice action was publicly available (*id.* at ¶ 19);

- National Union and Administrators "had access to and was [sic] able to review the docket of the Clark County Clerk of Courts" (*id.* at ¶ 20); and

- By letter dated December 8, 2011, the McCartys' counsel directly notified Administrators of their legal malpractice action (*id*. at ¶ 23, Ex. D).

The McCartys allege that National Union and Administrators have a duty to provide coverage for the judgment against Pedraza in the legal malpractice action, but have unlawfully refused to do so. (*Id.* at ¶ 26-27.)

On July 16, 2015, National Union filed an Answer (Doc. 7) to the Complaint; and on December 21, 2015, National Union filed the Motion for Judgment on the Pleadings (Doc. 12). National Union argued that it was entitled to judgment on the pleadings because the legal malpractice action against Pedraza was not timely reported to National Union in accordance with the terms of Pedraza's insurance policy. (*Id.* at 1.) On March 23, 2016, the Court granted National Union's Motion for Judgment on the Pleadings because National Union did not have actual or constructive notice of the malpractice action "merely by virtue of its filing in a publicly available docket." (Doc. 19 at 9.) At this point, Administrators is the only remaining defendant.

On March 28, 2016, Administrators filed a Motion for Judgment on the Pleadings. (Doc. 20.) Just as National Union argued, Administrators argues that it is entitled to judgment on the

pleadings because the legal malpractice action was not timely reported under the policy.

**II.  STANDARD OF REVIEW**

When considering a Rule 12(c) motion for judgment on the pleadings, all well-pleaded allegations must be taken as true and construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).  Although a court must accept well-pleaded allegations, it "need not accept as true legal conclusions or unwarranted factual inferences."  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, a complaint will not withstand a motion to dismiss if it offers only "naked assertion[s]" without "further factual enhancement."  *Twombly*, 550 U.S. at 557.

The Supreme Court further held that the factual allegations in a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556).  In sum, "a civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

## III. ANALYSIS

As did National Union, Administrators contends that, under Pedraza's policy, a claim against the insured must be reported no later than sixty days after the policy period ended or before the end of the extending reporting period, if applicable.[2] Administrators concedes that the complaint against Pedraza was filed within the policy period. Administrators argues that the McCartys' claim against the policy was not reported in accordance with its provisions and therefore Administrators cannot be liable. (Doc. 12 at 6.)

In response, the McCartys argue that the Complaint's allegation that Administrators "had both actual and constructive notice of Plaintiffs' claims against Pedraza when Plaintiffs filed the Legal Malpractice Action" (Doc. 4, ¶ 21) is sufficient to withstand dismissal at the pleading stage. (Doc. 21 at 3.) The McCartys' therefore conclude—as they did in response to National Union's motion for judgment on the pleadings (Doc. 13)—that the Complaint's allegations state a claim under the policy (Doc. 21).

The Court previously found that Ohio law is the applicable law in this case. (Doc. 19 at 6). Therefore, under Ohio law, the interpretation of insurance contracts is a question of law. *Leber v. Smith*, 70 Ohio St.3d 548, 553, 639 N.E.2d 1159 (1994). A court must enforce the clear and unambiguous language of a contract according to the plain and ordinary meaning of the words used. *Cincinnati Indemn. Co. v. Martin*, 85 Ohio St.3d 604, 605, 607, 710 N.E.2d 677 (1999).

The pertinent part of the Insuring Agreement states:

**DECLARATIONS**

\* \* \*

| 2 **POLICY PERIOD** | Inception Date: 02/21/2010  Expiration Date: 02/21/2011  12:01 A.M. at the address stated in Item 1 above. |
|---|---|

---

[2] It is undisputed that no extended reporting period applied under Pedraza's policy. (Doc. 4, Ex. A at 14).

\* \* \*

1. **INSURING AGREEMENT**

    (a) **Coverage**

    (1) **Coverage for Loss**

    This policy will pay on the behalf of the **Insured** any **Loss** arising from a **Claim** first made against the **Insured** during the **Policy Period** or, if applicable, the **Extended Reporting Period** and reported to the **Insurer** pursuant to the terms of this policy for any **Wrongful Act** committed or omitted by an **Insured**, on or after the **Retroactive Date**, whenever or wherever such **Wrongful Act** has been committed by the **Insured** in the rendering or failing to render **Legal Services** for others.

    \* \* \*

4. **CONDITIONS**

    \* \* \*

    (f) **Notice of Claim and Claim Reporting Procedures**

    (1) Notice hereunder shall be given in writing to the addressee and at the address identified in Item 7 of the Declarations. Notice shall include and reference this policy number as indicated in the Declarations. If mailed, the date of mailing shall constitute the date that such notice was given and proof of mailing shall be sufficient proof of notice.

    (2) For all coverage under this policy:

    (i) before coverage will apply, notice in writing of a **Claim** made against an **Insured** must be given to the **Insurer** as soon as practicable after notice of such **Claim** is reported to the **Insured**, but in all events no later than either:

    (A) sixty (60) days after the end of the **Policy Period**; or

       (B) the end of any applicable **Extended Reporting Period**.

(Doc. 7-1).  The policy's language is clear and unambiguous.  In order for there to be coverage of the claim, written notice must be provided to Administrators ***and*** notice must be provided during one of the referenced periods.  Notice should be given "as soon as practicable," but "no later than either" sixty days after the end of the Policy Period or the end of the Extended Reporting Period.  The sixty day period following the end of the Policy Period was February 21, 2011 to April 22, 2011.  Administrators did not receive written notice until December 8, 2011.  This written notice was not timely under Pedraza's policy.

  The Complaint's allegation that Administrators "had both actual and constructive notice" of the claim against Pedraza when the McCartys filed their legal malpractice action is a legal conclusion that the Court is not obliged to accept on a Rule 12(c) motion.  *Church's Fried Chicken*, 829 F.2d at 12.  This legal conclusion is based on the argument—also alleged in the Complaint and the Plaintiffs' Response in Opposition (Doc. 13) to National Union's Motion for Judgment on the Pleadings (Doc. 12)—that Administrators had notice of the legal malpractice action because the Clark County Clerk's docket is publicly available.  Thus, the McCartys argue that Administrators had an obligation to continuously review the dockets of Ohio courts to determine if there were any claims against Pedraza.  The McCartys do not cite to any provision of Pedraza's policy that imposes such an obligation on Administrators.  On the contrary, the policy clearly provides that written notice must be sent to the insurer "as soon as practicable" but not later than the time periods stated in the policy.  The Court rejects the McCartys' argument that Administrators had actual or constructive notice of their legal malpractice action merely by virtue of its filing in a publicly available docket.  *See Harwell v. State Farm Mutual Auto Ins. Co.*, 896 S.W.2d 170, 174 (Tex. 1995); *KPFF, Inc. v. California Union Ins. Co.*, 56 Cal.App.4th

963, 977, 66 Cal.Rptr.2d 36, 45 (1st Dist. 1997). As a result, Administrators cannot be liable under Pedraza's policy and the Complaint fails to state a claim against it. *See U.S. v. A.C. Strip*, 868 F.2d 181, 187 (6th Cir. 1989); *Elkins v. American Int'l Spec. Lines Ins. Co.*, 611 F.Supp.2d 752, 762 (S.D. Ohio 2009); *Hedmond v. Admiral Ins. Co.*, 2003 WL 21791589, at *4 (Ohio App. 10th Dist. Aug. 5, 2003).

## IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Administrator's Motion for Judgment on the Pleadings (Doc. 20). The claims against Administrators are **DISMISSED**. As the Court's ruling dismisses all of the Plaintiffs' remaining claims, this case shall be **TERMINATED** on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, May 19, 2016.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE